## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deborah Ann Belford and Sharon S. Davis Hudspeth,**
**Plaintiffs Below, Petitioners**

**vs) No. 14-1218** (Putnam County 14-C-13)

**Pamela Casto, as Trustee for the Jennings Bryan Hedrick**
**Trust, and Pamela Casto, in her Personal Capacity,**
**Defendant Below, Respondent**

**FILED**

October 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Deborah Ann Belford and Sharon S. Davis Hudspeth, by counsel David R. Karr, Jr., appeal the order of the Circuit Court of Putnam County, entered October 23, 2014, that (1) dismissed their complaint to set aside their mother's will, and (2) denied their Rule 59 motion to alter or amend judgment, their Rule 60 motion for relief from judgment, and their Rule 17 motion to file an amended complaint. Respondent Pamela Casto, the trustee of the trust created by petitioners' mother's will, filed a joint response by counsel Scott L. Summers, who represents respondent as the trustee for the Jennings Bryan Hedrick Trust, and by counsel Woody Hill, who represents respondent in her personal capacity.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are two of Genevive Hedrick's three children. Ms. Hedrick's third child is a son, Jennings Brian Hedrick, Jr. Shortly before her death, Genevive Hedrick, executed two wills: the first was dated December 19, 2011; the second was dated January 16, 2012. In the first will, Ms. Hedrick left all her real and personal property to her son. In the second will, Ms. Hedrick also left all her real and personal property to her son; however, she added that her property was to be placed in "a trust for the sole use and benefit of my son and sole beneficiary. . . ." The second will named Pamela Casto, respondent herein, as trustee. Following Ms. Hedrick's ("decedent's") February 12, 2012, death, her second will was admitted to probate on February 24, 2012.

Almost two years later, on January 16, 2014, petitioners filed a complaint regarding decedent's "will or wills" which alleged (1) that respondent had procured decedent's signature and the signatures of the witnesses and the notary public on the second will by the use of fraud; (2) that respondent converted a material portion of petitioners' mother's assets for respondent's

1

own benefit; (3) that their brother has "material intellectual disabilities" and, therefore, petitioners are "valid and competent persons" to bring these matters to the attention of the court; and (4) that respondent continues to fail to produce an accounting of the trust's funds. Petitioners asked the circuit court (1) to find their mother's "will or wills" to be void; (2) to appoint a guardian to protect their brother's interests; (3) to appoint a conservator to protect the funds in their brother's trust; (4) to freeze the trustee's access to the trust's funds; (5) to order an immediate accounting pursuant to West Virginia Code § 44A-1-14; and (6) to assess damages, including punitive damages, and award attorney's fees and costs.

On February 17, 2014, respondent filed a motion pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure to dismiss petitioners' complaint on the ground that petitioners could prove no set of facts in support of their claim that would entitle them to relief. Specifically, respondent argued that (1) the statute of limitations had passed for contesting decedent's will; (2) petitioners lacked standing to bring a claim on behalf of their brother because they failed to join their brother, who was the real party in interest, to the action; and (3) petitioners' complaint did not satisfy the statutory requirements for a petition for the appointment of a guardian ad litem for their brother.

On March 28, 2014, petitioners filed a motion pursuant to Rule 17 of the West Virginia Rules of Civil Procedure to add their brother as a plaintiff to their action. Petitioners claimed that they had standing to bring their action because, at the time their mother's wills were executed, they were her heirs-at-law.

The circuit court held a hearing on the pending motions on April 11, 2014, at which respondent argued (1) that petitioners did not have standing to bring an action on their brother's behalf; (2) that petitioners' motion to add their brother as a plaintiff to the action was problematic because petitioners, and not their brother, made the motion; and (3) petitioners' counsel had an inherent conflict in representing both petitioners and their brother given that, if petitioners prevailed in their actions, their brother would lose two-thirds of his inheritance. Petitioners countered that adding their brother as a plaintiff would resolve these problems.

On July 14, 2014, the circuit court granted respondent's motion to dismiss, without prejudice. The circuit court found that (1) petitioners filed this action in their own names, but seek nothing on their own behalf; (2) petitioners' brother has never been found to be incompetent or incapable of handling his own affairs; (3) neither petitioner has been appointed to serve as her brother's guardian or conservator; and (4) although petitioners claim to be their mother's heirs-at-law, neither of their mother's wills made any provision for or bequest to petitioners. The circuit court concluded (1) that petitioners' action was in direct contradiction of Rule 17 of the West Virginia Rules of Civil Procedure and Syllabus Point 5 of *Keesecker v. Bird*, 200 W.Va. 667, 490 S.E.2d 754 (1997); (2) that petitioners did not have standing to bring claims on behalf of their brother; and (3) that petitioners can prove no set of facts in support of the claims brought in this civil action. Based on these conclusions, the circuit court determined that it did not need to address respondent's arguments with regard to the expiration of the statute of limitations or petitioners' request for the appointment of a guardian for their brother or a conservator for his trust.

2

Thereafter, petitioners filed a motion to amend judgment pursuant to Rule 59 of the Rules of Civil Procedure; a motion for relief from judgment pursuant to Rule 60 of those Rules, and a motion to file an amended complaint pursuant to Rule 17 of those Rules. Petitioners' counsel attached to these documents the contract by which petitioners' brother allegedly hired petitioners' counsel to represent him in this matter. The contract was dated November 2013, two months before petitioners' filed their complaint in this matter.

The circuit court convened a hearing on petitioner's motions on September 5, 2014. Respondent argued that petitioners' counsel could not represent the brother's interests because petitioners' interests were clearly adverse to their brother's interests. Respondent also claimed that petitioners had induced their brother to give them the proceeds of a $150,000 life insurance policy for which their brother was the sole beneficiary. In its comments from the bench, the circuit court noted that the better course of action would have been for petitioner's brother to file his own action against respondent if he believed she was not comporting with her fiduciary duty with regard to the trust created by his mother's second will.

By order entered October 23, 2014, the circuit court denied petitioners' Rule 59 and Rule 60 motions. In the order, the circuit court made the following findings of fact: (1) Petitioners are asking the court to find that both of decedent's wills are invalid. Such a finding would make each petitioner a one-third recipient of her mother's estate and cause their brother to lose two-thirds of his inheritance under the law of intestacy. (2) Petitioners alleged in their original complaint that their brother needed the immediate appointment of a guardian ad litem and a conservator to protect the funds in the trust due to his "material intellectual disabilities." Yet, at the September 5, 2014, petitioners called their brother as a witness to elicit testimony that he was competent to be a party to this action and to waive his counsel's considerable conflict of interest. (3) Petitioners' brother claimed that he had retained petitioners' counsel prior to the filling of the initial complaint in this manner, yet, counsel did not name petitioners' brother as a party to the complaint. The circuit court concluded that because petitioners had presented no new facts or evidence, their Rule 59 and Rule 60 motions must be denied for the same reason that their initial complaint was dismissed, i.e., pursuant to Rule 12(b)(6), they did not have standing to bring an action on their brother's behalf. The circuit court also concluded that because it did not grant petitioners' Rule 59 and Rule 60 motions, it was not necessary for it to address petitioners' Rule 17 motion for leave to file an amended complaint.

Petitioners' now appeal the circuit court's October 23, 2014, order.

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W.Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W.Va. 430, 431, 513 S.E.2d 657, 658 (1998). "A motion under Rule 59(e) of the West Virginia Rules of Civil Procedure should be granted where: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; (3) it becomes necessary to remedy a clear error of law or (4) to prevent obvious injustice." Syl. Pt. 2, *Mey v. Pep Boys-Manny, Moe & Jack*, 228 W.Va. 48, 50, 717 S.E.2d 235, 237 (2011). "A motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on

such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 778, 204 S.E.2d 85, 86 (1974).

Petitioners raise, in essence, four assignments of error on appeal. Petitioners first argue that the circuit court erred in failing to grant petitioners' demand for the appointment of a guardian ad litem for their brother. Petitioners claim that pursuant to Rule 17(c) of the West Virginia Rules of Civil Procedure the circuit court was required to appoint a guardian ad litem on their brother's behalf. We disagree. Rule 17(c) is inapplicable to petitioner's brother because it addresses "Minor[s] or Incompetent Person[s]." Petitioners' brother is not an infant and petitioners have presented no evidence that their brother has been diagnosed by a medical professional or found by a court to be incompetent, insane, or otherwise incapable of handling his own affairs. Therefore, the circuit court had no authority to appoint a guardian ad litem for petitioners' brother. If petitioners believed their brother needed a guardian ad litem, they should have complied with Chapter 44A, Article 2 of the West Virginia Code which lays out the procedure required to obtain a guardian ad litem on behalf of a minor or incompetent person. However, petitioners failed to do so. Consequently, we find that the circuit court did not err in failing to appoint a guardian ad litem for petitioner's brother.

Petitioners next argue that the circuit court erred in not allowing them to amend their complaint by adding their brother to their action as a plaintiff given that he is the real party in interest of their lawsuit. We first note that in petitioners' amended complaint, they asked the circuit court to void both their mother's first and second wills. If both wills are found to be void, petitioners' mother will be presumed to have died intestate and petitioners will receive two-thirds of their brother's inheritance. This fact makes petitioners' claims that they are interested only in their brother's welfare less credible, and places petitioners' counsel in a precarious ethical situation given that petitioners' interest in voiding their mother's will or wills is clearly adverse to their brother's interest in maintaining his inheritance. Further, our careful review of petitioners' brother's testimony at the September 5, 2014, hearing in his matter, reveals that he clearly did not understand that if his sisters prevailed in this action, he would lose two-thirds of his inheritance. Instead, he testified that his sisters were acting on his behalf. Petitioners' brother also testified that he hired petitioners' counsel as his own counsel prior to the filing of the original complaint in this matter. Assuming that testimony is true, petitioners, their brother, and their counsel clearly opted not to name the brother as a plaintiff in this action. Thus, they should not now be able to amend their complaint given that the statute of limitations has passed. That said, petitioners' brother has a remedy; he may bring his own action against respondent, if he deems it necessary. Accordingly, we find that the circuit court did not err in failing to allow petitioners to amend their complaint by adding their brother as a plaintiff.

Petitioners next argue that the circuit court erred in finding that they lacked standing to prosecute this case on their own behalf given that they were their mother's heirs-at-law before her wills were signed. The circuit court correctly determined that petitioners did not have standing to bring this action given that petitioners filed the action in their own names and in their individual capacities, but sought claims on behalf of their brother only. Hence, the fact that they were their mother's heirs-at-law alone was not sufficient for petitioners to have standing given the limited relief they sought in their complaint. Hence, we find no error.

4

Petitioners' final assignment of error is that the circuit court erred in concluding that it did not need to rule upon or address petitioners' Rule 17 motion to file an amended complaint because it denied petitioners' Rule 59 motion to amend and Rule 60 motion for relief from judgment. We note that although petitioners list this assignment of error, their brief to this Court contains no argument in support of their claim. "On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 467, 194 S.E.2d 657, 658 (1973). Given that petitioners fail to meet this burden, we must presume that there was no error in the proceedings below.

Accordingly, for the foregoing reasons, we affirm the July 14, 2014, order denying petitioners' Rule 59(e) and Rule 60 motions.

Affirmed.

**ISSUED:** October 16, 2015

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Margaret L. Workman